UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.<br>*Plaintiff,*<br>vs.<br><br>BAE Systems Controls Inc.<br>*Defendant.* | Civil Action No. 3:15-CV-213[GLS/DEP] |

### COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Astronics Advanced Electronic Systems Corp. ("AAES" or "Plaintiff"), by and through its undersigned attorneys, hereby pleads the following claims of patent infringement against BAE Systems Controls Inc. ("BAE Systems" or "Defendant"), and alleges as follows:

### PARTIES

1.  Plaintiff AAES is a corporation organized under the laws of the state of Washington and has its principal place of business at 12950 Willows Road N.E., Kirkland, Washington 98034.

2.  AAES is an industry leader in providing reliable electrical systems for challenging operational environments, particularly in the aerospace sector. AAES, *inter alia*, is engaged in the sale of power generators, power distribution systems, electrical power breakers and lighting controls for commercial and military aircraft.

3.  Upon information and belief, Defendant BAE Systems is organized under the laws of the state of Delaware and has its principal place of business at 1098 Clark Street, Endicott, New York 13760.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. This Court has subject matter jurisdiction over the matters pled herein under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

5. This court has personal jurisdiction over Defendant because, *inter alia*, Defendant conducts business in this judicial district and thus enjoys the privileges and protections of New York law.

6. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,754,445

7. United States Patent No. 5,754,445 ("the '445 patent"), titled "Load Distribution and Management System," duly issued on May 19, 1998. A copy of the '445 patent is attached hereto as Exhibit A.

8. All necessary maintenance fees respecting the '445 patent have been timely paid in full, and the patent is currently in effect.

9. Jeffrey A. Jouper, Susan Nellis, Darrell T. Hambley and Mark A. Peabody are the named inventors of the '445 patent. AAES owns by assignment the entire right, title, and interest in and to the '445 patent, including the sole right to sue for past and present patent infringements thereof.

10. Upon information and belief, Defendant offered for sale, manufactured, used and continues to offer for sale, manufacture, and use a combination of electronic components that infringe the '445 patent.

11. Upon information and belief, Defendant's offer for sale, use and manufacture of a combination of electronic components as part of the IntelliCabin In-Seat Power System that constitutes infringement of the '445 patent.

12. Upon information and belief, Defendant has and continues to offer for sale its IntelliCabin In-Seat Power System through its website at http://www.baesystems-ps.com/cas/IntelliCabin.jspx.

13. Upon information and belief, Defendant has and continues to offer for sale the IntelliCabin In-Seat Power System during its attendance of various trade industry events.

14. Upon information and belief, Defendant has and continues to offer for sale the IntelliCabin In-Seat Power System by responding to requests for bids.

15. Upon information and belief, the potential market value of Defendants' responses to requests for bids from potential customers that incorporates the IntelliCabin In-Seat Power System exceeds $50 million U.S. dollars.

16. Upon information and belief, Defendant manufactures and offers for sale electric components material to the practicing of the '445 patent's invention, that have no substantial non-infringing uses, and that are known by Defendant to be especially made or especially adapted for use in what constitutes infringement of the '445 patent.

17. On multiple occasions, AAES advised Defendant of the existence of the '445 patent and that Defendant's offerings for sale, manufacturing, use and other activities likely constituted infringement of the '445 patent.

18. Nonetheless, Defendant continued in its course of conduct without taking sufficient steps to ensure that it was not infringing the '445 patent by, inter alia, continuing to offer for sale and manufacture infringing products, and undertaking other activities that constitute infringement of the "445 patent.

19. Defendant's various communications with AAES evidence a willful disregard of AAES's rights vis-a-vis the '445 patent and a desire to profit irrespective of U.S. patent laws.

20. Defendant's acts of infringement have caused and will continue to cause substantial and irreparable damage to AAES.

21. AAES reserves the right to amend, supplement, or modify its allegations of infringement as facts regarding such allegations arise during the course of this case.

## PRAYER FOR RELIEF

WHEREFORE, AAES prays for entry of judgment against Defendant BAE Systems as follows:

A. That Defendant infringed and is infringing the '445 patent under 35 U.S.C. § 271;

B. That Defendant provide to AAES an accounting of all gains, profits and advantages derived by their infringement of the '445 patent, and that AAES be awarded damages adequate to compensate it for Defendant's wrongful infringement, in accordance with 35 U.S.C. § 284;

C. That AAES be awarded any other supplemental damages and interest on all damages, including, but not limited to attorney fees available under 35 U.S.C. § 285;

D. That the Court permanently enjoin Defendant and all those in privity with the Defendant from making, having made, selling, offering for sale, distributing and/or using products that infringe the '445 patent in the United States; and

E. That AAES be awarded such other and further relief as this Court may deem just and proper, including but not limited to equitable relief and all remedies available at law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), AAES hereby demands a trial by jury on all issues triable to a jury.

Dated: February 23, 2015

Respectfully submitted,

ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.

By its attorneys,

Brian McQuillen
bmcquillen@duanemorris.com
**Duane Morris LLP**
1540 Broadway
New York, NY 10036-4086
Tel.: 212.692.1000
Fax: 212.692.1020

*Of Counsel*:
Anthony J. Fitzpatrick (*pro hac vice to be submitted*)
AJFitzpatrick@duanemorris.com
**Duane Morris LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel: 857.401.3018
Fax: 857.488.4220

Arvind Jairam (*pro hac vice to be submitted*)
ajairam@duanemorris.com
Duane Morris LLP
505 9th St. NW, Suite 1000
Washington, DC 20004-2166
Tel.: 202.776.5252
Fax: 202.776.7801